No. 68,169

In the Matter of DAVID C. GRAHAM, *Respondent*.

(840 P.2d 521)

Opinion filed October 30, 1992.

*Bruce E. Miller*, disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*David C. Graham* appeared pro se.

*Per Curiam*: This is an original attorney discipline proceeding filed by the Office of the Disciplinary Administrator against David C. Graham, of Olathe, Kansas, an attorney duly admitted and licensed to practice law in the State of Kansas.

The formal complaint of the Disciplinary Administrator states respondent was arrested for acts he committed during a demonstration in Kansas City, Kansas. The complaint alleged that respondent violated MRPC 8.4(b), (c), (d), and (g) (1991 Kan. Ct. R. Annot. 308), which states:

"It is professional misconduct for a lawyer to:

. . .

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice;

. . .

(g) engage in any other conduct that adversely reflects on the lawyer's fitness to practice law."

A formal hearing was held on March 24, 1992. Respondent appeared pro se.

With the agreement of respondent, the Disciplinary Administrator introduced four documents into evidence. Those documents include a copy of the Kansas City, Kansas, Police report which applies to respondent's arrest; the journal entry reflecting the activity in Case No. 91-MC-00029 in Wyandotte County District Court; the journal entry of sentence; and a journal entry showing respondent's convictions were not appealed and are final.

The Disciplinary Administrator's Office presented no testimony and instead relied on the exhibits introduced into evidence.

The police reports and court documents show that respondent had been charged with and convicted of the crimes of resisting a law enforcement officer and unlawful restraint. The convictions arose out of respondent's participation in a pro-life demonstration in Kansas City, Kansas. Approximately 40 anti-abortion demonstrators barricaded the director of an abortion clinic inside the clinic. Several of the demonstrators chained themselves to the two doors of the clinic.

The police report indicates when the director of the clinic was rescued by the police officers she was frantic, shaking, crying, and unable to breathe, and was seriously affected by her entrapment. The report states witnesses told the officers that respondent was actively supervising (1) the placement of two 33-gallon barrels, which were filled with concrete and weighed approximately 700 pounds, against the clinic doors and (2) the chaining of the demonstrators to the clinic property. Private property was damaged. When respondent saw he was being pointed out to the officers, he gave the sign he was carrying to another demonstrator and attempted to leave the area but was apprehended by the police. After his arrest, respondent refused to give his name and address to the arresting officer. Respondent was booked at the police station as "John Doe."

The panel found by clear and convincing evidence that respondent violated MRPC 8.4(b), (d), and (g). In mitigation, respondent called witnesses, testified, and introduced letters into evidence.

When determining its recommendation, the panel took into consideration respondent had no prior disciplinary infractions or dishonest or selfish motive, the crimes of which he was convicted are both misdemeanor violations of the City code, and respondent has made a timely effort to make restitution. The panel was, however, bothered by respondent's apparent failure to admit the seriousness of his conduct and its reflection upon his role as an officer of the court. The panel unanimously recommended that respondent be publicly censured for his violation of the rules and that costs should be assessed to respondent.

We accept the panel's finding and recommendation.

IT IS THEREFORE ORDERED that David C. Graham be, and he is hereby, publicly censured.

IT IS FURTHER ORDERED that this decision be published in the Kansas Reports and that the costs herein be assessed to respondent.